UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALBERT DE LA GARZA, | § | |
| TDCJ #00645460, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0169 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Albert De La Garza is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse parole decision (Dkt. 1). He has also submitted a memorandum of law in support of his petition (Dkt. 3), an application to proceed *in forma pauperis* (Dkt. 5), and a prisoner trust fund account statement (Dkt. 4). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.    BACKGROUND**

De La Garza is currently imprisoned at TDCJ's Ramsey I Unit. He is serving a thirty-year sentence for aggravated robbery, Case No. 655532, 179th District Court of Harris County. His petition does not challenge his conviction or sentence. Rather, he challenges an adverse decision by the Board of Pardons and Paroles (the "Board"). De

La Garza states that his parole was revoked on October 16, 2014, and files this petition to challenge the Board's decision to deny him reinstatement of parole in November 2017 (Dkt. 1, at 5).

Documents submitted by De La Garza show that he had his parole interview on September 22, 2017, and was denied parole on November 8, 2017 (Dkt. 1-2, at 3, 5). The Board denied De La Garza parole for the following reasons:

> **1D CRIMINAL HISTORY**–The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.
>
> **2D NATURE OF OFFENSE**–The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.
>
> **3D DRUG OR ALCOHOL INVOLVEMENT**–The record indicates excessive substance use involvement.
>
> **5D ADJUSTMENT DURING PERIODS OF SUPERVISION**–The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia.

*See* TDCJ Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch (last visited June 28, 2018) (information available by accessing "Parole Review Information" link); Dkt. 1-2, at 5. De La Garza's next parole review date is November 2018 (*id.*). De La Garza submitted documentation that supported his parole application, including educational transcripts and a letter admitting him to a re-entry program (Dkt. 1-2, at 7-17).

De La Garza filed a state habeas application challenging the parole decision, WR-72,558-04. On March 28, 2018, the Texas Court of Criminal Appeals denied habeas relief without written order.

In his federal writ, De La Garza raises fourteen grounds challenging the Board's decision to deny him parole in 2017, including claims that the Board's decision violated "society's liberty interest," failed to "direct or provide any positive set of programmatic goals," and was arbitrary and capricious (Dkt. 1, at 6-11; Dkt. 3).

## II.  THE PETITION IS WITHOUT MERIT

De La Garza complains that he was denied early release from prison without due process. There are two ways in which a Texas inmate becomes eligible for early release from imprisonment. The first is by "parole" and the second is by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id*. § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id*. § 508.147(a). *See Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

De La Garza is not eligible for mandatory supervision because he has a prior felony conviction for aggravated robbery. *See* TEX. GOV'T CODE § 508.149(a)(12) (excluding felons convicted of aggravated robbery from eligibility for mandatory supervision). Therefore, this case concerns only De La Garza's claim that he was denied discretionary parole without due process.

Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). Thus, the Due Process Clause does not include a right to parole.

Likewise, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). As a result, it is well settled that, even when a Texas inmate is eligible for discretionary parole, the inmate has "no protected liberty interest in

parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015) ("even if the parole board considered unreliable or even false information . . . in making its parole determinations, this simply does not assert a federal constitutional violation") (internal citation, quotation marks, and alterations omitted) (quoting *Johnson*, 110 F.3d at 308).

Absent a protected liberty interest in attaining parole, De La Garza cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because De La Garza's habeas petition lacks an arguable basis in law, it must be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. <u>**CONCLUSION AND ORDER**</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The application to proceed *in forma pauperis* (Dkt. 5) is **GRANTED**.
2. The federal habeas corpus petition filed by Albert De La Garza is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of June, 2018.

*George C. Hanks Jr*
George C. Hanks Jr.
United States District Judge